UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FELIPE H. HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LANDMARK SIGN PARTNERS, LLC,<br><br>    Defendant. | Case No. 2:23-CV-450-GSL-APR |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Default Judgment [DE 10], filed on April 17, 2024.

Federal Rule of Civil Procedure 55 governs the entry of default and the entry of default judgment. Specifically, it sets forth a two-step process: "the establishment of the default, and the actual entry of default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). The distinction is important because "[u]pon default, the well-pleaded allegations of a complaint relating to *liability* are taken as true." *VLM*, 811 F.3d 247, 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (emphasis added). The first step is satisfied when the clerk of court enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment anticipated by

subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

Here, the Defendants were served alias summons on February 16, 2024, and have yet to appear. Notwithstanding, the Plaintiffs' Motion for Default Judgment is premature because there is no entry of default on the Complaint. The requirements for default judgment have not been satisfied.

## **CONCLUSION**

For the reasons stated above, the Court **DENIES** without prejudice Plaintiffs' Motion for Default Judgment [DE 10] and grants Plaintiffs leave to refile this motion upon first obtaining an entry of default.

SO ORDERED.

ENTERED: April 22, 2024.

/s/ GRETCHEN S. LUND
Judge
United States District Court