UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FELIPE H. HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LANDMARK SIGN PARTNERS, LLC, <br><br> Defendant. | Case No. 2:23-CV-450-GSL-APR |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment [DE 14], filed pursuant to Federal Rule of Civil Procedure 55(b)(2).

### Background

The Trustees of the Lake County, Indiana NECA IBEW Health and Benefit Plan and the Trustees of the IBEW Local 697 Defined Contribution Plan are the trustees of two multiemployer benefit plans; Felipe H. Hernandez, the business manager of IBEW Local 697, is the custodian for the IBEW Local 697 Working Dues fund.[1] (Hereinafter, these three entities are referred to collectively as "Plaintiffs.") Landmark Sign Partners, LLC ("Defendant") is an Indiana-based electrical sign making company.

Defendant is a signatory to a Collective Bargaining Agreement and Letter of Assent, whereby Defendant is obligated to make fund contributions and pay dues. [DE 1]. On December 20, 2023, Plaintiffs brought this action under 29 U.S.C. §§ 1132 and 1145 (hereinafter, "ERISA") asserting that Defendant owes unpaid fund contributions, unpaid dues, liquidated damages, and other amounts related to Defendant's nonpayment. [*Id.*]. Plaintiffs also allege that

---

[1] Felipe H. Hernandez, Alec Davis, Frank Mikolajczyk, Daniel Waldrop, Richard C. Anderson, Jr., Thomas R. Corsiglia, Edward J. Shikany, and William J. Walton make up the group of trustees. [DE 1].

Defendant failed to abide by the Collective Bargaining Agreement's reporting obligations, including accounting for contributions due to Plaintiffs, timely submitting monthly contribution reports, and allowing an audit. [*Id.*].

Plaintiffs seek money damages for unpaid fund contributions of $24,217.12 (Health and Benefit Plan) and $7,256.58 (Defined Contribution Plan) and unpaid dues of $1,196.17. Plaintiffs further seek $21,540.70 from Defendant related to prior delinquencies. [*Id.*]. For both amounts, the Complaint asks for any additional costs that accrue during the pendency of the action. Finally, Plaintiffs' Complaint asks for an order that compels Defendant to submit all late monthly contribution reports and to specifically perform its contractual obligations under the Collective Bargaining Agreement and Letter of Assent, because Defendant's nonpayment is causing the other fund participants irreparable harm. [*Id.*]. In support of all of this, the Complaint includes five exhibits: (1) Declaration of Trust for the Health and Welfare Fund [DE 1-1]; (2) Declaration of Trust for the Defined Contribution Plan [DE 1-2]; (3) Collective Bargaining Agreement [DE 1-3]; (4) Letter of Assent [DE 1-4]; and (5) Agreement for Repayment of Delinquent Amounts (though not dated, the Keenan Affidavit attests it was signed April 20, 2023) [DE 1-5].

Defendant was served on February 14, 2024. [DE 6]. Plaintiffs refiled the executed summons on April 1, 2024. [DE 9]. On April 17, 2024, Plaintiffs prematurely moved for default judgment, as they had not properly secured default from the Clerk. [DE 10]. On April 22, 2024, this Court denied that motion but granted Plaintiffs leave to refile once they obtained an entry of default. [DE 11]. Plaintiffs filed a renewed Motion [DE 12], and the Clerk entered default against Defendant on April 25, 2024. [DE 13].

On May 15, 2024, Plaintiffs filed the instant Motion for Default Judgment, which seeks only a money judgment in the amount of **$83,712.35** consisting of unpaid fund contributions, unpaid dues, liquidated damages, interest, and attorney fees through March 31, 2024. [DE 14]. Attached to the Motion are two affidavits, which include calculations for the specific amount requested. [*Id.*]. Defendant has not answered the Complaint or otherwise appeared to defend itself in this matter. Plaintiffs' Motion for Default Judgment is ripe for decision.

## **Legal Standard**

Federal Rule of Civil Procedure 55 governs the entry of default and the entry of default judgment. Specifically, it sets forth a two-step process: "the establishment of the default, and the actual entry of default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). The first step is satisfied when the clerk of court enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

The second step—the entry of default judgment—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b). The distinction is important because "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM*, 811 F.3d 247, 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, upon an entry of default judgment, it is established, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

A default judgment may not be entered without a damages hearing unless, "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602. Furthermore, the Court's accounting is bound by the Complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

## Discussion

Plaintiffs' Motion for Clerk's Entry of Default includes an affidavit from Plaintiffs' attorney attesting that Defendant was properly served and has failed to plead or otherwise defend itself in this matter. [DE 12]. Thus, upon the Clerk's April 25, 2024, Entry of Default, Plaintiffs' well-plead allegations concerning Defendant's delinquencies were established as true. [DE 13]. Plaintiffs properly completed the first step of securing a default judgment.

Plaintiffs' Motion for Default Judgment includes two affidavits. The first is the affidavit of Patrick Keenan, the fund manager for the Health and Benefit Plan and the Defined Contribution Plan. [DE 14-1]. The affidavit sets forth Defendant's failure to make contributions to the Health and Benefit Plan for the months of September, October, and November of 2023. Keenan Decl. ¶ 6. For those months, Defendant owes **$45,490.00** in unpaid or late contributions (including interest, attorney fees, and liquidated damages) to the Health and Benefit Plan. Keenan Decl. ¶ 8. The affidavit also details money owed from Defendant's failure to make contributions to both Plans for the period of December 2022 through April 2023; Defendant paid the underlying delinquent contribution amounts, but it did not pay the associated interest, attorney fees, and liquidated damages. Keenan Decl. ¶¶ 7,9. Those outstanding costs have since accrued additional interest, attorney fees, and liquidated damages. This brings the amount Defendant owes to both Plans for the December 2022 through April 2023 period to **$32,421.00**.

4

Keenan Decl. ¶ 12. In all, Defendant's liability for unpaid contributions to both Plans is **$77,911.00**. Keenen Decl. ¶ 13.

The Felipe Hernandez Declaration details the **$5,801.35** in Working Dues owed by Defendant for the months of September, October, and November 2023. Hernandez Decl. at ¶¶ 5, 7. Adding this to the amount owed for unpaid contributions, the total judgment sought is **$83,712.35**—an amount capable of ascertainment from definite figures—and Plaintiffs' detailed affidavits sufficiently establish that amount. *See e360 Insight*, 500 F.3d at 602. The Court is not concerned that Plaintiffs' Motion for Default Judgment seeks an amount greater than the one set out in the Complaint. On top of the amount stated in the initial complaint, Plaintiffs requested that Defendant pay any interest, attorney fees, and liquidated damages that would accrue during the pendency of this action. These figures are also ascertainable, and they are adequately set forth in the affidavits. For these reasons, the Court may enter default judgment against Defendant without a hearing on damages.

Finally, Plaintiffs' Motion for Default Judgment does not include the injunctive relief sought in the Complaint. The Court construes this omission as intentional, and that relief is not rewarded at this time.

## Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Default Judgment [DE 14]. The Clerk shall enter judgement by default in favor of Plaintiffs, in the amount **of $83, 712.35**, which includes unpaid contributions, unpaid dues, the delinquent amount Defendant owes under the agreement at [DE 14-1], liquidated damages, interest, and attorney fees and costs. The judgement shall include declarations that under the terms of the Collective Bargaining Agreement, Trust Agreements, Letter of Assent, and [DE 14-1]:

- Plaintiffs are entitled to interest pursuant to the Trust Agreements and the Agreement at [DE 14-1].

- Plaintiffs are entitled to attorney fees and costs pursuant to the Trust Agreements and the Agreement at [DE 14-1].

- Plaintiffs are entitled to liquidated damages pursuant to the Trust Agreements and the Agreement at [DE 14-1].

**SO ORDERED.**

ENTERED: July 1, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court